IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br>　　　　　Plaintiff,<br>　　v.<br>QUICK STOP MART, INC., and<br>FAYEIZ M. ALATTAYA,<br>　　　　　Defendants. | :<br>:<br>:<br>:　CIVIL NO. 07-CV-1909<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM & ORDER

Rufe, J.                                                                                                                  July 28, 2008

　　　　Essex Insurance Company ("Essex" or "Plaintiff") filed a one-count Complaint for Declaratory Judgment, seeking a ruling that it has no duty to defend or indemnify Quick Stop Mart, Inc. ("Quick Stop") or Fayeiz Alattaya ("Alattaya") in an underlying state court action.  In the state court lawsuit, Thomas Simon ("Simon"), who is not a party in the instant case, brought separate claims against Quick Stop and Alattaya stemming from an incident in which Alattaya, while employed by Quick Stop, allegedly struck Simon with a baseball bat inside a Quick Stop store.  Pending before the Court is Plaintiff's Motion for Summary Judgment.  For the reasons set forth in this memorandum opinion, the Motion will not be disposed of at this time, and the case will be stayed until such time as the underlying state court action is fully and completely resolved.

**I.  BACKGROUND**

　　　　Defendant Quick Stop, a corporation organized under Pennsylvania law, operates a convenience store in Philadelphia where the events of the underlying action are alleged to have

occurred.  Defendant Alattaya was employed as a clerk by Quick Stop on August 13, 2005, the date of the primary events at issue in the underlying action.  Plaintiff Essex underwrote a commercial general liability policy insuring Defendant Quick Stop and related "insureds" for the period of August 7, 2005, to August 7, 2006 (the "Essex Policy").

### A.  Procedural History

On February 8, 2007, Thomas Simon filed a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, asserting four claims against Quick Stop and one against Alattaya.[1]  In the complaint, Simon alleges that on August 13, 2005, he entered a Quick Stop store and attempted to make payment for certain items to Alattaya, who was working as a clerk in the store at the time.[2]  After an apparent misunderstanding between himself and Alattaya, Simon claims he attempted to cancel the purchase and leave the store, but was intercepted and struck in the head with a baseball bat by Alattaya.[3]  Counts I - III of the Simon's complaint are claims against Quick Stop for "Negligent Hiring,"[4] "Negligent Retention and Supervision,"[5] and

---

[1] The underlying lawsuit, Number 000201 of the February Term, 2007, in the Court of Common Pleas of Philadelphia County, is captioned Thomas Simon v. Quick Stop Mart Inc. a/k/a Quick Stop Enterprises d/b/a Quick Stop 1 and Fayeiz M. Alattaya.

[2] Compl. for Decl. J., Ex. B at ¶¶ 10-11.

[3] Id. at ¶¶ 12-15.

[4] Count I, captioned "Negligent Hiring," includes allegations that Quick Stop was negligent in hiring Alattaya because it either knew and ignored or failed to discover his alleged criminal background and violent propensities, and failed to have in place adequate procedures around hiring, an in particular, around the screening of job applicants.  See id. ¶¶ 26-27.

[5] Count II, captioned "Negligent Retention and Supervision," contains allegations that Quick Stop was negligent by retaining, but failing to adequately supervise and monitor, Alattaya, despite his criminal background and propensity for violence, including by "failing to consider and take into account" the fact that Alattaya kept a baseball bat behind the store counter while he worked, thus potentially posing a danger to the public.  See id. at ¶¶ 29-30.

"Negligent Security,"[6] respectively, that are grounded in part on allegations that Alattaya had a history of criminality and violence at the time of his hiring and employment, of which Quick Mart reasonably should have been aware. Count IV is a claim for "Assault and Battery" against Alattaya, and Count V is a claim of "Vicarious Liability" against Quick Stop for Alattaya's alleged acts.

It appears from the filings in this matter that, due to various significant procedural developments subsequent to the filing of Simon's complaint, the resolution of the underlying lawsuit is far from final. In brief summary, Essex initially declined to defend defendants below on the ground that there was no coverage under the Essex Policy for the torts alleged. Default judgments were entered as to Alattaya and Quick Stop in the Court of Common Pleas on May 2, 2007, after they failed to answer or defend Simon's complaint. Defendants then obtained counsel. Separately, Essex moved to intervene as a party in the case, and its motion was granted on May 22, 2007. Defendants' counsel petitioned to open or strike the defaults as to the defendants, which petition was denied on May, 24, 2007. Under a reservation of rights, Essex then assigned counsel to represent the interests of the defendants. Defendants' Essex-appointed counsel filed a motion for reconsideration of the order denying the petition to open or strike the defaults. The motion for reconsideration was denied on August 16, 2007. The Essex-appointed counsel for defendants then filed a notice of appeal to the Superior Court of Pennsylvania, and the appeal is pending.

Meanwhile, in May of 2007, Essex filed the present declaratory judgment action,

---

[6] Count III, captioned "Negligent Security," contains allegations that Quick Stop failed to provide adequate protection for members of the public by not hiring security personnel or establishing appropriate security procedures, given the history of crime in the store and vicinity.

3

pursuant to 28 U.S.C. § 2201, seeking a ruling that under the terms of the Essex Policy it has no duty to defend or indemnify either Alattaya or Quick Stop in the underlying state court action. Defendants filed an Answer on June 7, 2007. After a conference with counsel on August 7, 2007, the Court ordered the parties to submit any motions for summary judgment on or before September 17, 2007.

Thomas Simon, plaintiff in the underlying state court action, filed a Motion to Intervene on September 6, 2007. Simon's Motion was denied by Order of September 14, 2007.[7]

On September 28, 2007, Defendants filed a "Memorandum of Law in Support of Motion to Stay all Proceedings," but did not file a motion to stay. Therein, Defendants argued that the Court should stay Essex's Declaratory Judgment action so as to permit the related state court proceedings to reach a final conclusion. Despite express notification from the Court that no accompanying motion to stay had been submitted,[8] Defendants did not rectify this filing error by properly filing a motion. The memorandum was eventually stricken as improperly filed.[9] The question of whether to stay the instant action so as to permit the underlying state court action to run its course was not thereafter raised to the Court.

Essex filed its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a).[10] Defendants Alattaya and Quick Stop filed a Response to the Motion for Summary Judgment on October 4, 2007, and Plaintiff filed a Reply, after receiving an extension

---

[7] Doc. No. 15.

[8] See Doc. No. 24 (Order striking memorandum of law unaccompanied by actual motion).

[9] Id.

[10] Rule 56(a) of the Federal Rules of Civil Procedure provides, in relevant part, "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

4

of time in which to do so, on October 26, 2007. Defendants' Sur-reply was filed on November 20, 2007. Plaintiff was granted leave to file a Supplemental Reply, and such was filed on November 30, 2007. Defendants were granted leave to file their own Supplemental Reply, and they did so on January 8, 2008. After consideration of these filings and the applicable law, the Court will stay the matter pending final resolution of the state court proceedings.

**II. DISCUSSION**

Federal district courts' jurisdiction to adjudicate declaratory judgment actions comes pursuant to the Declaratory Judgment Act.[11] Jurisdiction under the Act is discretionary.[12] A district court may decline to hear or defer hearing such an action for a "sound reason."[13] In general, the decision whether or not to presently adjudicate a declaratory judgment action is properly informed by "considerations of practicality and wise judicial administration."[14]

The Third Circuit has established that, when deciding whether to stay a declaratory judgment action involving insurance coverage issues governed by state law so as to allow for final resolution of an underlying state court action, a district court should consider three factors: "(1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in a federal court as falling within . . . a policy exclusion; and, (3) avoidance

---

[11] 28 U.S.C. § 2201(a).

[12] See 28 U.S.C. § 2201(a); see also Samuel Goldwyn, Inc. v. United Artists Corp., 113 F.2d 703, 709 (3d Cir. 1940).

[13] Samuel Goldwyn, Inc., 113 F.2d at 709.

[14] Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995).

of duplicative litigation."[15]

        Here, the Court is convinced that, at present, "considerations of practicality and wise judicial administration" and the general policy of restraint that must govern our consideration require the instant matter to be stayed pending final resolution of the underlying state court action. Critical questions, including those around the continuing force of the entry of default judgment against Alattaya and Quick Stop, cloud this Court's view on the facts at issue. As such, the Court considers it imprudent to rule on Plaintiff's Motion for Summary Judgment at this time. Rather, the parties will be required to notify the court when a full and final resolution of the underlying state court action has been achieved, through adjudication, agreement or otherwise. Then, if necessary, the stay in this matter, including as to Essex's Motion for Summary Judgment, may be removed, supplemental filings may be ordered, and all pending matters addressed. An appropriate Order follows.

---

[15] State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir 2001).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br>     Plaintiff,<br>     v.<br><br>QUICK STOP MART, INC., and<br>FAYEIZ M. ALATTAYA,<br>     Defendants. | :<br>:<br>:<br>:   CIVIL NO. 07-CV-1909<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 28th day of July 2008, for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** that the above-captioned action is **STAYED** and placed in suspense pending final resolution of the underlying state court action. The Clerk of Court is DIRECTED to place this matter on the Suspense Docket and mark it closed for statistical purposes.

**IT IS FURTHER ORDERED** that the parties, through counsel, shall jointly notify the Court, in letter form, when a final resolution has been reached in the underlying state court action, including a complete summary of all state court proceedings and rulings, and a statement as to whether this action should be dismissed.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**